2622-CC13487
Electronically Filed - City of St. Louis - September 14, 2026 - 02:09 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| EVA N. MOORE,<br><br>Plaintiff,<br><br>v.<br><br>RAINER DIALYSIS, LLC d/b/a SOUTH CITY DIALYSIS,<br>Serve Registered Agent: CSC-Lawyers Incorporating Service Company<br>221 Bolivar Street<br>Jefferson City, MO 65101<br><br>Defendant | Cause No. ______________<br><br>Division ______________<br><br>JURY TRIAL DEMANDED |

PETITION

COMES NOW Plaintiff Eva N. Moore, by and through undersigned counsel, and for her Petition for Damages against Defendant Rainer Dialysis, LLC d/b/a South City Dialysis, states as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Eva N. Moore is an individual and a resident of the State of Missouri.

2. Defendant Rainer Dialysis, LLC is a foreign limited liability company organized under the laws of the State of Delaware and registered to do business in Missouri, and at all relevant times owned, operated, managed, and controlled a hemodialysis facility doing business as South City Dialysis, located at 3740 South Jefferson Avenue, City of St. Louis, Missouri 63118.

3. At all relevant times, Defendant acted by and through its employees, agents, and servants, each of whom was acting within the course and scope of his or her employment or agency with Defendant.

Electronically Filed - City of St. Louis - September 14, 2026 - 02:09 PM

4. Venue is proper in this Court pursuant to § 508.010 RSMo because Plaintiff was first injured in the City of St. Louis, Missouri.

5. The amount in controversy exceeds twenty-five thousand dollars ($25,000.00), exclusive of interest and costs.

FACTS COMMON TO ALL COUNTS

6. At all relevant times, Plaintiff suffered from end-stage renal disease requiring hemodialysis treatment three times per week to sustain her life.

7. On or about May 9, 2025, Plaintiff was present at Defendant's facility as a business invitee for her scheduled hemodialysis treatment.

8. On that date, fluid had accumulated on the floor of Defendant's treatment room in and along the walking path Plaintiff was required to traverse to reach her assigned dialysis station.

9. The fluid originated from dialysis equipment owned, operated, and maintained by Defendant, upon which maintenance or repair work had been performed and which had leaked or discharged fluid onto the floor.

10. Defendant's employees were present in the treatment room and knew, or by using ordinary care could have known, of the fluid on the floor.

11. Defendant did not remove the fluid, barricade the area, place warning signage, or warn Plaintiff of the fluid.

12. As Plaintiff walked toward her assigned dialysis station, she slipped on the fluid and fell, striking her head and landing on the floor.

13. Following Plaintiff's fall, Defendant's supervisor acknowledged at the scene that mechanical work performed on Defendant's dialysis equipment was the source of the fluid.

COUNT I — PREMISES LIABILITY

Electronically Filed - City of St. Louis - September 14, 2026 - 02:09 PM

14. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

15. At all relevant times, Defendant possessed and controlled the premises and owed Plaintiff, a business invitee, a duty to use ordinary care to maintain the premises in a reasonably safe condition.

16. Fluid on the floor of the treatment room constituted a dangerous condition of the premises, and as a result the floor was not reasonably safe.

17. Defendant knew, or by using ordinary care could have known, of the dangerous condition in time to have remedied it or warned of it before Plaintiff's fall.

18. Defendant failed to use ordinary care in one or more of the following respects:

a. Failed to remove the fluid from the floor;

b. Failed to barricade or block off the area of the fluid;

c. Failed to place warning signs or cones at or near the fluid;

d. Failed to warn Plaintiff of the fluid;

e. Failed to inspect the treatment room floor during and following maintenance or repair work on its dialysis equipment; and

f. Failed to adopt, implement, or enforce reasonable policies and procedures for the identification, containment, and cleanup of fluid on its floors.

19. As a direct and proximate result of Defendant's negligence, Plaintiff slipped, fell, and sustained injuries to her head, brain, neck, and back, including but not limited to a concussion, post-concussion symptoms, cognitive impairment, chronic post-traumatic headaches, cervical strain, and lumbar spine injuries.

20. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained

Electronically Filed - City of St. Louis - September 14, 2026 - 02:09 PM

the following damages: past and future medical expenses; past and future physical pain and suffering; past and future mental anguish; cognitive impairment; loss of independence; loss of enjoyment of life; and permanent injury and disability.

21. On or about May 14, 2026, pursuant to § 408.040 RSMo, Plaintiff made a demand upon Defendant and its representatives by certified mail, return receipt requested, which demand was accompanied by the affidavit and supporting documentation described therein, was left open for ninety days, and was not accepted. Plaintiff is entitled to prejudgment interest as provided by § 408.040 RSMo.

WHEREFORE, Plaintiff Eva N. Moore prays for judgment against Defendant Rainer Dialysis, LLC d/b/a South City Dialysis in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00), for prejudgment interest pursuant to § 408.040 RSMo, for her costs incurred herein, and for such other and further relief as the Court deems just and proper.

COUNT II — NEGLIGENCE

22. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

23. Defendant, acting by and through its employees and agents within the course and scope of their employment, owed Plaintiff a duty to use ordinary care in the operation, maintenance, and repair of its dialysis equipment and in the conduct of its activities on the premises.

24. Defendant failed to use ordinary care in one or more of the following respects:

a. Failed to maintain its dialysis equipment in a reasonably safe condition and allowed said equipment to leak or discharge fluid onto the floor;

b. Performed or permitted maintenance or repair work on its dialysis

Electronically Filed - City of St. Louis - September 14, 2026 - 02:09 PM

equipment in a manner that caused fluid to leak or discharge and accumulate on the treatment room floor;

c. Failed to contain, clean up, or remedy the fluid leaked or discharged during or following such maintenance or repair work;

d. Failed to inspect its dialysis equipment for leaks or fluid discharge during and following such maintenance or repair work;

e. Failed to warn persons on the premises, including Plaintiff, of the fluid created by such work;

f. Failed to adequately train its employees in the identification, containment, and cleanup of fluid hazards; and

g. Failed to adequately supervise its employees and the maintenance or repair work performed on its equipment.

25. As a direct and proximate result of Defendant's negligence, Plaintiff sustained the injuries and damages set forth in the preceding paragraphs.

WHEREFORE, Plaintiff Eva N. Moore prays for judgment against Defendant Rainer Dialysis, LLC d/b/a South City Dialysis in a fair and reasonable amount in excess of twenty-five thousand dollars ($25,000.00), for prejudgment interest pursuant to § 408.040 RSMo, for her costs incurred herein, and for such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

APEX INJURY ATTORNEYS, LLC

*/s/ Steven W. Brookreson, II*
Steven W. Brookreson, II, MO #70633

Electronically Filed - City of St. Louis - September 14, 2026 - 02:09 PM

9237 Ward Parkway, Suite 100B
Kansas City, MO 64114
Ph: 816.451.8100
Fax: 816.451.8067
Steve@apexinjuryattorneys.com
ATTORNEY FOR PLAINTIFF